■ RAYMOND MORSE, Appellant, v. NAIZTAT IRON WORKS, INC., et al., Respondents, et al., Defendant.— Appeal by plaintiff, as limited by his brief, from so much of an order and a judgment of the Supreme Court, Kings County, entered October 24, 1967 and November 16, 1967 respectively, as affect defendants other than 3720 Realty Corp. Judgment affirmed insofar as appealed from. No opinion. Appeal from order, as limited, dismissed. No appeal lies from an order denying a motion for a new trial, made only on the trial minutes. In any event, the contentions raised on the motion were considered on the appeal from the judgment. A single bill of costs is allowed to respondents Naiztat Iron Works, Inc., and Neckman Construction Corp., jointly. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. GANCI, Appellant.— Order of the County Court, Suffolk County, dated May 27, 1968, affirmed. No opinion. Appellant's notice of appeal is amended to show May 27, 1968 as the date of the order appealed from (Code Crim. Pro., § 524-c). Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD WATFORD, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated January 10, 1968, which denied the application after a hearing. Order affirmed. Defendant's application was based on the claim that the prosecuting attorney knowingly used perjured testimony by a codefendant, one Hamilton, against him at the trial. The application was originally denied without a hearing and on appeal this court reversed and remitted the proceeding to the County Court for a hearing and determination *de novo* (*People* v. *Watford,* 28 A D 2d 858). The instant appeal is from an order which again denied the application following such hearing. In our opinion the record conclusively demonstrates that Hamilton's testimony against defendant at the trial was not perjurious and that, in any event, the prosecuting attorney in good faith believed it to be true (cf. *People* v. *Fanning,* 300 N. Y. 593; *People* v. *Oddo,* 300 N. Y. 649, mot. for rearg. den. 9 N Y 2d 908). We are also of the opinion that Hamilton was properly allowed to invoke his constitutional privilege against self-incrimination and that, even if it be assumed that such ruling was erroneous and that he would have testified in support of defendant's claim, the error was not prejudicial and may be disregarded in view of the overwhelming proof to the contrary. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.